IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JUDY POINSETTE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | **7 : 04-CV-114 (RLH)** |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

The plaintiff herein filed this Social Security appeal on October 8, 2004, challenging the Commissioner's final decision denying her application for disability benefits.  Jurisdiction arises under 42 U.S.C. § 405(g).  All administrative remedies have been exhausted.  Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment.  The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals.  28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for Supplemental Security Income benefits in August 2001, based on back and knee pain and hypertension.  Her application was denied throughout all administrative levels, with the ALJ determining that she retained the residual functional capacity to perform the full range of unskilled light work, and that although she could not return to her past relevant work, the Medical-Vocational Guidelines directed a finding of not disabled.  The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ erred

in holding that the plaintiff could perform a full range of unskilled light work.

***Standard of review***

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

Although the plaintiff presents several different arguments attacking the ALJ's decision, her essential argument is that the ALJ failed to properly develop the record and failed to properly consider the evidence before her regarding the plaintiff's mental abilities.  She points out that the ALJ apparently relied on a report from 1968 without further development of the record, failed to properly analyze the report from consultative examiner Dr. Gregory Pye, and failed to seek

2

clarification as to several aspects of the reporting.

In regard to the plaintiff's mental abilities and condition, the ALJ found that "the claimant was apparently in special education classes while attending school and her academic performance was generally below average.  Testing documented in the record is consistent with low average intelligence . . . [Dr. Pye] concluded that the claimant functions in the borderline intellectual range, based on the results of the Wechsler Adult Intelligence Scale . . . and the Wide Range Achievement Test.  Nevertheless, he also concluded that the claimant appears to function within normal limits with respect to social skills, attention, concentration, and memory. . . . the undersigned concludes that the claimant has no limitations with regard to her ability to perform activities of daily living and no limitations with regard to her ability to maintain social functioning, but that she has moderate limitations with regard to her ability to maintain concentration, persistence or pace."  R. at 15-16.

However, a review of the findings in the record before the ALJ reveal discrepancies that undermine her conclusions.  Consultative examiner Dr. Gregory Pye evaluated the plaintiff on October 15, 2001, and concluded that "[c]urrent test results would suggest that she is functioning in the Moderate Mental Retardation Range of intellectual ability; however, this is not consistent with her presentation.  In fact, Ms. Poinsette appears to function in the Low Average to Borderline Range of ability. . . . Further background information or records from any other source would also be helpful in determining her application.  At present, this examiner does not feel that there is adequate information to make a formal diagnosis."  R. at 168-169.  Therefore, contrary to the ALJ's findings, Dr. Pye did not conclude that the plaintiff actually functioned in the borderline range of intellectual ability, but merely stated that she appeared to fall into that

3

range and that he did not have enough information to make a diagnosis.  Dr. Pye specifically
stated that he was "unable to make a recommendation for management of funds as it does not
appear that obtained test results are an accurate estimate of her ability."  R. at 169.  Additionally,
as the plaintiff points out, the only other record evidence regarding plaintiff's mental abilities are
the 1968 evaluation that placed her at the "low average level", school progress reports showing
"below average" progress and details of her placement into special education programs.  "[T]he
administrative law judge is not required to order a consultative examination unless the record
establishes that such an examination is necessary to enable the administrative law judge to render
a decision." Ford v. Secretary of Health and Human Services, 659 F.2d 66, 68 (5th Cir. 1981).
Herein, the limited records before the ALJ indicated low or below average intellectual
functioning and the report from a consultative psychological examiner clearly revealed the lack
of sufficient information regarding the plaintiff's mental abilities.

Inasmuch as the Commissioner's final decision in this matter is not supported by
substantial evidence, the Commissioner's decision is hereby **REVERSED AND REMANDED**
for further consideration, in accordance with the findings herein, pursuant to Sentence Four of §
405(g).

**SO ORDERED**, this 28th day of February, 2006.


/s/ ***Richard L. Hodge***_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb

4

5